Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant, Bernard J. Maynard, appeals a July 2, 1991, decision of the Board of Veterans' Appeals (BVA) denying entitlement to service connection for post-traumatic stress disorder (PTSD) on the basis that he had not been subjected to the requisite stressors. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

Appellant had active service in the Army from January 1967 to January 1969, and served in Vietnam from January 1968 until January 1969. R. at 1. His military records list his military occupational specialty

**Bernard J. MAYNARD, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1813.**

United States Court of Veterans Appeals.

March 9, 1993.

as cook. R. at 233. His military records also note that he had participated in two counteroffensives while serving in Vietnam. R. at 234. His service medical records do not indicate any psychiatric symptoms.

In a VA Form 1–9, Appeal to the Board of Veterans' Appeals, dated December 30, 1982, appellant stated that he had performed extensive guard duty, had ridden "shotgun" on a truck, and had exchanged gunfire with the enemy. R. at 171. A September 17, 1987, medical report indicated that appellant stated that he drank heavily to cope with his in-service stress, and ran his car into a tree in 1973 as a suicidal gesture. R. at 221–24.

In a medical report dated November 18, 1982, Dr. John Corcella diagnosed alcohol dependence and a dysthymic disorder (also known as depressive neurosis, a mood disorder which is not severe enough to meet the criteria for major depression, DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, 521 (27th ed. 1988)). R. at 90. On October 12, 1983, the BVA denied service connection on the basis that Dr. Corcella's report did not attribute appellant's condition to PTSD. R. at 178. Appellant reopened his claim and submitted a private mental health services report, dated September 18, 1987, which indicated a diagnosis of PTSD. R. at 224. On December 5, 1988, a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) denied service connection for PTSD on the basis that a "stressor of significance" had not been shown during service. R. at 248. In another VA Form 1–9, dated February 4, 1989, appellant stated that he had to perform guard duty without ammunition, and described how a friend was blown up in front of him while his friend was trying to set up a claymore mine. R. at 256. Additionally, at a February 28, 1989, VARO hearing, appellant testified that he was involved in firefights lasting from one to two hours (R. at 263), and again described how his friend was blown up in July 1968 while trying to set up the claymore mine. R. at 264, 274. The VA referred the issue of the claymore mine accident to the U.S. Army and Joint Services

Environmental Support Group, who reported that, although there was no record of this incident, a soldier in appellant's unit was killed as a result of a boobytrapped 105 millimeter artillery shell on August 1, 1968. R. at 275, 277. The VARO again denied appellant's claim. R. at 282. The BVA, in a decision dated May 29, 1990, remanded the issue for additional psychiatric examinations and further stated, in pertinent part:

> A thorough history of military stressors should be elicited and evaluated. The alcohol history should also be explored. After a review of the examination findings, the board of psychiatrists should provide the correct, current psychiatric diagnosis, if any, and state the rationale for reaching the diagnosis.

R. at 294. Appellant then underwent two examinations. Dr. Khan–Matin performed an examination on July 25, 1990, and, in pertinent part, diagnosed:

> [DSM] Axis I: 305.00 Alcohol abuse
> Characteristics of [PTSD]
> Insomnia of unknown origin

R. at 297. Dr. Khan–Matin recommended that appellant receive treatment for alcohol abuse. *Id.* On October 10, 1990, Dr. Khan–Matin, Dr. Corcella, and Pamela L. Vanhorn, M.S.W./C.S.W., examined appellant and stated, in pertinent part, that "Mr. Maynard scored extremely high combat stress on the Assessment Questions for Potential [PTSD]." R. at 300. They also diagnosed:

> [DSM] Axis I: 309.89 0 [PTSD]
> 305.00 0 Alcohol abuse
>
> . . . .
>
> Axis IV: Psychosocial Stressors: illness in self,
> financial
> Severity: 3–Moderate

*Id.* They recommended that appellant: continue his psychiatric care, continue his psychotropic medications, and receive monitoring for his alcohol abuse. *Id.*

The BVA, in the decision on appeal, concluded that the psychiatric examinations constituted new and material evidence, reopened the claim, and found "no persuasive

credible evidence of [PTSD] due to in-service events." *Bernard J. Maynard*, BVA 91-____, at 8 (July 2, 1991). The BVA noted that appellant was vague regarding stressors which allegedly occurred in Vietnam and it found no objective evidence to support appellant's accounts of these stressors. *Maynard*, BVA 91-____, at 7-8. The BVA noted discrepancies between appellant's account of his friend's death and the boobytrap incident reported by the Environmental Support Group. *Maynard*, BVA 91-____, at 6. The BVA also found his statement regarding his participation in firefights to be improbable in view of his occupational specialty (cook), and the scarcity of combat decorations. *Maynard*, BVA 91-____, at 7. In making its analysis, however, the BVA neither set forth the standard for what constitutes a requisite stressor, nor applied such standard to the evidence of record. *See* 38 U.S.C.A. § 1154(b) (West 1991); VA Adjudication Procedure Manual, M21-1, ¶ 7.46e; 57 Fed. Reg. 34536, 38095 (1992) (to codified at 38 C.F.R. § 3.304(f)) (proposed Aug 5, 1992, corrected Aug. 21, 1992).

In addition, while the BVA made its own credibility determinations regarding appellant's statements as to the stressors to which he was subjected, it failed to base these conclusions on a review of the psychiatric reports which were to address such credibility as mandated by the BVA in its 1990 remand. While the October 10, 1990, report prepared as a result of the 1990 remand stated that "Mr. Maynard scored extremely high combat stress on the Assessment Questions for Potential [PTSD]," R. at 300, it made no assessment as to whether such score was an accurate reflection of combat stress. However, the Court also notes that, in the same report, the examiners indicated "Axis IV: [non combat] Psychosocial Stressors: illness in self, financial[.] Severity: 3-Moderate." *Id.* These two quotations may or not be inconsistent, but, at a minimum, they are not reconciled. The BVA, on remand, shall obtain a new report in compliance with its 1990 remand.

Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Upon careful consideration of the record and the pleadings of the parties, the BVA decision is VACATED and REMANDED for further proceedings consistent with this decision.